# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hassan Ayyoubi,<br>　　　　Petitioner,<br>v.<br>John Cantu, et al.,<br>　　　　Respondents. | No. CV-26-00435-PHX-DWL (ASB)<br>**ORDER** |

　　　　Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) and a Motion for Temporary Restraining Order (Doc. 2). The Court will require an emergency answer to the petition and motion and set a TRO hearing.

　　　　This is Petitioner's second attempt to enjoin his allegedly imminent removal to Iran. He filed a previous civil action— No. CV-26-00412-PHX-DWL (ASB)—seeking to enjoin his removal due to the pendency of a motion to reopen his immigration proceedings to permit adjudication of his derivative asylee application. That action was dismissed for lack of jurisdiction under 8 U.S.C. § 1252(g). In this action, Petitioner raises two claims for relief. First, that his removal to Iran would violate his due process rights because of "the extreme danger to Petitioner in light of his extremely poor and declining health, [which constitutes] a meaningful threat to his life on board each flight, and during transit countries." (Doc. 1 at 7.) Second, that his removal to Iran or "an unspecified third country" (Doc. 1 at 8) would violate the Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA") because he is likely to face persecution or torture due to his sexual orientation.

The Court lacks habeas corpus jurisdiction to consider the first claim. *Pinson v. Carvajal*, 69 F.4th 1059, 1070-71 (9th Cir. 2023) ("[A] claim is at the core of habeas[] if a successful petition demonstrates that the detention *itself* is without legal authorization. . . . By contrast, claims that if successful would not necessarily lead to the invalidity of the custody are not at the core of habeas corpus."). Because Petitioner's challenge to his removal in light of his medical condition does not challenge the legality of his detention, this claim is not properly brought in habeas and must be dismissed. *See* Rule 4 of the Rules Governing § 2254 Cases (a district court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits appended to it that the petitioner is not entitled to relief in the district court."). *See also Jackson v. Ashcroft*, 347 F. Supp. 2d 924, 925 (D. Or. 2004) (dismissing § 2241 Petition pursuant to Rule 4).

The Court likely does, however, have jurisdiction to review Petitioner's claim that his removal to an unspecified third country without due process would violate his Fifth Amendment rights. *Ibarra-Perez v. United States*, 154 F.4th 989, 997 (9th Cir. 2025). And because of the allegations in the Petition that Petitioner's removal is imminent—and may have already occurred—the Court will order an immediate response to and schedule a hearing on the Motion for Temporary Restraining Order as to Petitioner's claim he faces removal to an unspecified third country without due process.

**IT IS ORDERED:**

(1)     Count One is **dismissed**.

(2)     Counsel for Petitioner must immediately serve the Petition upon Respondents.

(3)     If not already issued, the Clerk's Office must issue any properly completed summonses.

(4)     The Clerk of Court must immediately transmit by email a copy of this Order and a copy of the Petition and Motion for Temporary Restraining Order to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at

katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov; and Theo Nickerson at theo.nickerson2@usdoj.gov.

      (5)    Respondents must file a response to the Motion for Temporary Restraining Order no later than 3:00 p.m. on Monday January 26, 2026.

      (6)    A Zoom hearing is set on Petitioner's Motion for Temporary Restraining Order for Monday January 26, 2026 at 4:00 p.m. in Courtroom 601, 401 West Washington Street, Phoenix, AZ 85003 before Judge Dominic W. Lanza. The Court will transmit Zoom link information to the parties by electronic mail.

      (7)    Respondents must answer the Petition no later than Wednesday January 28, 2026. Petitioner may file a reply no later than Thursday January 29, 2026.

Dated this 26th day of January, 2026.

_____
Dominic W. Lanza
United States District Judge

- 3 -