WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hassan Ayyoubi,<br><br>    Petitioner,<br><br>v.<br><br>John Cantu, et al.,<br><br>    Respondents. | No. CV-26-00435-PHX-DWL (ASB)<br><br>**ORDER** |

    Petitioner filed a petition for writ of habeas corpus under § 2241 and a motion for temporary restraining order ("TRO"). (Docs. 1-2.) In Count One of the petition, Petitioner challenged his alleged impending removal to Iran as violative of his Fifth Amendment rights because of "the extreme danger to Petitioner in light of his extremely poor and declining health, [which constitutes] a meaningful threat to his life on board each flight, and during transit countries." (Doc. 1 at 7.) The Court dismissed that claim for lack of habeas corpus jurisdiction. (Doc. 5 at 2.) In Count Two, Petitioner alleged that his removal to Iran or "an unspecified third country" would violate the Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA") because he is likely to face persecution or torture due to his sexual orientation. (Doc. 1 at 8.)

    On January 26, 2026, the Court held an emergency hearing to address the TRO motion as to Count Two. (Doc. 9.) The Court denied the motion because Petitioner failed to establish a likelihood of success or serious questions going to the merits of his claim, noting, *inter alia*, that there is no private right of action under FARRA, that it was

speculative that Petitioner would need to stop in an unspecified third country to seek emergency medical treatment during a removal flight to Iran, and that it is doubtful that a stop to obtain such treatment would constitute a third-country "removal" such that additional due process protection might be required.

The Court directed Respondents to file their response to the petition and Petitioner to file his reply. In his reply, Petitioner reiterates his claim that any "[a]ny hospitalization in an intermediate country would amount to an unintentional removal." (Doc. 13 at 7.) However, Petitioner presents this argument as a conclusion without any supporting statutory basis or caselaw. For the reasons stated at the TRO hearing and elaborated upon in Respondents' response (Doc. 11 at 2-6), Petitioner is not entitled to relief as to that claim. *Cf. Luna Gutierrez v. Noem*, 2025 WL 3497016, *20 (D.D.C. 2025) ("[T]he government may take acts it deems necessary for carrying out its authority under the INA, which includes moving aliens to specific countries selected under section 1231(b). Section 1103(a)(3) also seems to cover the Government's concern about an overnight refueling stop—the Court does not doubt that maintaining custody in that situation is necessary for carrying out its authority to remove an individual to a specified country. Same result if, for example, inclement weather required a plane to land abroad while in the midst of a removal flight. In all these situations, although removal occurred when the individual departed the United States, the government retains residual authority to take steps amid executing a removal order reasonably related to delivering an individual to the country designated by 8 U.S.C. § 1231(b)—e.g., restraining individuals, making refueling stops, flying a route with layovers, or landing in an emergency.") (cleaned up).

Petitioner also attempts to raise a new argument in his reply—that in light of his precarious and deteriorating health, Respondents are unable to remove him to Iran and, as a result, his detention has become indefinite in violation of the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. at 679. (Doc. 13 at 3.) But Petitioner's Fifth Amendment claim was previously dismissed and, at any rate, this is a new theory raised for the first time in a reply. Petitioner may file an amended petition raising this theory for

consideration.

**IT IS ORDERED**:

1. Count Two of the petition (Doc. 1) is dismissed without leave to amend.

2. Petitioner may, within 14 days of the issuance of this order, file an amended habeas petition raising a *Zadvydas* claim.

3. If Petitioner does not file an amended habeas petition within 14 days of the issuance of this order, the Clerk shall enter judgment accordingly and terminate this action.

Dated this 2nd day of February, 2026.

Dominic W. Lanza
United States District Judge